UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HOWARD,<br><br>    Petitioner,<br><br>    v.<br><br>M. ATCHLEY,<br><br>    Respondent. | Case No. 20-cv-01681-HSG<br><br>**ORDER OF DISMISSAL** |

On February 26, 2020,[1] petitioner filed with the Court a request that his federal petition be held in abeyance until he exhausted his ineffective assistance of counsel claim in state court. Dkt. No. 1. However, petitioner did not attach a habeas petition to his request and there is no record of any habeas petition filed by petitioner in the Northern District of California. On March 9, 2020, the day the request was docketed in this Court and this action opened, the Court informed petitioner that this action was deficient because he had not submitted a petition on the proper form and had not paid the filing fee or submitted an *in forma pauperis* application. Dkt. Nos. 3, 4, 7. Petitioner was instructed to file, within twenty-eight days of the date of the order, a completed petition on the proper form and either pay the filing fee or submit an *in forma pauperis* application. Dkt. Nos. 3, 4, 7. Petitioner was provided copies of the Court's habeas petition form and *in forma pauperis* application form. Dkt. Nos. 3, 4, 7. On March 19, 2020, the Court's March 9, 2020 notices were returned as undeliverable, with the notation that the prison was unable to

---

[1] In determining when a petition for a writ of habeas corpus filed by a *pro se* prisoner is filed, the "mailbox" rule applies. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). A petition for a writ of habeas corpus is considered to be filed on the date a prisoner delivered it to prison authorities for forwarding to the clerk of the court. *Id*. According to the proof of service, petitioner handed the petition to a correctional official for mailing on February 26, 2020. Dkt. No. 1 at 3.

locate petitioner because no inmate number had been provided with the mailing. Dkt. No. 5. That same day, the Court resent the March 9, 2020 notices to petitioner, adding his inmate number to the address, and reset the deadline for filing a completed petition on the proper form and either paying the filing fee or submitting an *in forma pauperis* application to April 20, 2020. Dkt. No. 6.

The deadline has passed, and petitioner has not filed a completed petition on the proper form. Petitioner also has neither paid the filing fee nor submitted an *in forma pauperis* application. The Court therefore DISMISSES this action without prejudice. Because this dismissal is without prejudice, petitioner may move to reopen the action. Any such motion must be accompanied by a completed petition on the proper form and either a complete *in forma pauperis* application or the filing fee, as well as an explanation for why petitioner was unable to meet the Court's deadlines.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 5/21/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge